USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/28/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

BOKF, N.A., *solely in its capacity as successor Indenture Trustee for the 12.75% Second-Priority Senior Secured Notes due 2018*,

    Plaintiff,

-against-

CAESARS ENTERTAINMENT CORPORATION,

    Defendant.

------------------------------------------------------------- X

ORDER

15-cv-1561(SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

    BOKF, N.A. ("BOKF"), as successor Indenture Trustee, brings this action to enforce Caesars Entertainment Corporation's ("CEC") guarantee of roughly $750 million in notes issued by Caesars Entertainment Operating Company ("CEOC"). BOKF asserts that CEC's guarantee became due and payable upon CEOC's filing of a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Northern District of Illinois Bankruptcy Court on January 15, 2015. CEC, however, claims that certain transactions entered into in May and August 2014 released its obligations under the guarantee.

    On May 26, 2015, I held a pre-motion conference on BOKF's request to move for partial summary judgment, on Counts II and V of its Complaint.

According to BOKF, it is entitled to a declaratory judgment that CEC's purported elimination of the guarantee violates section 316(b) of the Trust Indenture Act of 1939, because it was part of an out-of-court debt restructuring that materially impaired the noteholders' rights — without their consent — to receive payment of principal and interest on the notes. BOKF seeks this relief even though it has not taken discovery and the close of discovery is three months away.

CEC argues that there are genuine disputes of material fact that preclude summary judgment, and notes that plaintiffs in two related cases pending before this Court have opted to wait until the close of discovery before making a dispositive motion.[1] CEC also asks this Court to defer consideration of BOKF's application based on an adversary proceeding in the Bankruptcy Court seeking to enjoin, under section 105(a) of the Bankruptcy Code, all actions against CEC.

It may well be that genuine issues of material fact preclude the relief BOKF seeks or that it would be better served by waiting until the conclusion of fact discovery to make its motion. The Court will be in a better position to make that determination after reviewing the parties' submissions. To be sure, BOKF cannot move on these claims both now and after the conclusion of discovery.

---

[1] *See MeehanCombs Global Credit Opportunities Master Fund, LP et al. v. Caesars Entertainment Corporation*, No. 14-cv-07091 and *Danner v. Caesars Entertainment Corporation*, No. 14-cv-07973.

However, there is no reason to require BOKF to wait to make its motion. CEC is not a debtor and, as a matter of common sense, there does not appear to be any connection between its ability to contribute to a putative chapter 11 plan and the continuation of this case or even, should it be warranted, the entry of a judgment of liability. Moreover, this case raises significant issues under a federal statute which necessarily impact the relationship between issuers and noteholders *outside of* the bankruptcy context. I will not limit BOKF from attempting to vindicate noteholders' rights under non-bankruptcy law, including under the TIA, against a non-debtor. This is particularly true when enjoining actions against non-debtors occurs only rarely, in unusual or extraordinary circumstances, and after consideration of both equitable and non-equitable factors.

Accordingly, if BOKF wishes to move for partial summary judgment before the close of discovery, it may do so by June 19, 2015. CEC's response is due three weeks from the date of filing, and BOKF's reply is due two weeks later.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         May 28, 2015

3

- Appearances -

**For Plaintiff BOKF, N.A.:**

Mark Joachim, Esq.
Andrew Silfen, Esq.
Jackson Toof, Esq.
Arent Fox LLP (New York)
1675 Broadway
New York, NY 10019
(212) 484-3929

**For Defendant Caesars Entertainment Corporation:**

Lewis R. Clayton, Esq.
Ankush Khardori, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

Eric Seiler, Esq.
Jason Rubinstein, Esq.
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036
(212) 833-1100

**For Non-Parties MeehanCombs Global Credit Opportunities Funds, LP, Relative Value-Long/Short Debt, A Series of Underlying Funds Trust, SB 4 CF LLC, CFIP Ultra Master Fund, Ltd., and Trilogy Portfolio Company, LLC:**

Clay J. Pierce, Esq.
James H. Millar, Esq.
Drinker Biddle & Reath, LLP
1177 Ave. of the Americas, 41st Floor
New York, NY 10036
(212) 248-3186

**For Non-Party Frederick Barton Danner:**

Meagan Farmer, Esq.
Gardy & Notis, LLP
Tower 56
126 East 56th Street, 8th Floor
New York, NY 10022
(212) 905-0509

Gordon Z. Novod, Esq.
Grant & Eisenhoffer P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
(646) 722-8500