# Arent Fox

**Arent Fox LLP** / Attorneys at Law
Los Angeles, CA / New York, NY / San Francisco, CA / Washington, DC
www.arentfox.com

February 5, 2016

**Andrew I. Silfen**

Managing Partner, New York
212.484.3903 DIRECT
212.484.3990 FAX
andrew.silfen@arentfox.com

**BY ECF AND HAND DELIVERY**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *BOKF, N.A. v. Caesars Entertainment Corporation*, **Case No. 1:15-cv-01561-SAS;**
        *UMB Bank, N.A. v. Caesars Entertainment Corporation*, **Case No. 1:15-cv-04634-SAS**

Dear Judge Scheindlin:

We write on behalf of the above-captioned Plaintiffs in opposition to a request (the "Request" [*BOKF* ECF No. 83; *UMB* ECF No. 87]) by defendant Caesars Entertainment Corporation ("CEC") for a pre-motion conference about a motion for partial summary judgment. With fact discovery closed for nearly four months, key pre-trial filings due this week, expert discovery ongoing (including eight expert depositions between February 9-17), and a trial set for March 14, 2016, the Request is tardy, disruptive, and meritless.

The Parties have been before this Court on two separate pre-motion conferences on motions for partial summary judgment, and each time CEC stood mute about the issues raised in its 11th hour Request.  For the first time, and with no apparent justification, CEC now asks permission to move for summary judgment on Plaintiffs' claims for breach of the covenant of good faith and fair dealing (the "Good Faith Claims"), and BOKF's intentional interference with contractual relations (the "Intentional Interference Claim").  CEC cannot justify the timing of its Request by reference to an alleged "course of trial preparation" that has only now caused CEC to "come to the view that these claims are not central to the matters" (Request at 1).[1]  Plaintiffs object to CEC's effort to initiate an entirely new round of summary judgment briefing on the eve of trial and respectfully ask that the Court deny CEC's Request.

---

[1] CEC has been on notice of  Count VII by BOKF and Count VI by UMB for breach of the implied covenant of good faith since March 3, 2015 [*BOKF* ECF No. 1] and June 15, 2015 [*UMB* ECF No. 1], respectively.  CEC even notes in its Request that it moved to dismiss the "Good Faith Claim" asserted in the *MeehanCombs* Action and the *Danner* Action, respectively.  (Request fn. 2).  The Court denied CEC's motion. *See MeehanCombs Global Credit Opportunities Fund, LP v. CEC / Danner v. CEC*, 80 F. Sup. 3d 507, 520 (S.D.N.Y. 2015).  CEC's suggestion that "[i]n the course of trial preparation, CEC has come to the view that these claims are not central to the matters[]]" (Request at 1), is disingenuous at best given the nearly twelve months CEC has had to make its "view" known to the Court (as it previously did in the *MeehanCombs* Action and the *Danner* Action).

555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
T 213.629.7400  F 213.629.7401

1675 Broadway
New York, NY 10019-5820
T 212.484.3900  F 212.484.3990

55 Second Street, 21st Floor
San Francisco, CA 94105-3470
T 415.757.5500  F 415.757.5501

1717 K Street, NW
Washington, DC 20006-5344
T 202.857.6000  F 202.857.6395

Apart from its procedural flaws, CEC's request also lacks merit. New York law allows simultaneous pursuit of both breach of contract and breach of the covenant of good faith and fair dealing unless the following two elements are met: (1) "the allegations do not go beyond the statement of a mere contract breach" and (2) the allegations "rely[] on the same alleged acts [of the contract breach]." *Dist. Lodge 26, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Techs. Corp.*, 610 F.3d 44, 54 (2d Cir. 2010). Here, however, neither of these elements is met and the Good Faith Claims state claims for relief.

Plaintiffs have sued CEC in their capacities as trustees under the relevant Indentures. As trustees, BOKF and UMB are contractually and statutorily charged with representing the interests and enforcing the rights of the beneficial holders of the notes under the relevant Indentures (the "Noteholders"). The Good Faith Claims and the corresponding facts asserted by Plaintiffs are separate and distinct from Plaintiffs' breach of contract claims (the "Contract Claims"). The Contract Claims hinge solely on CEC's breach of its obligations as the guarantor under the Indentures, *i.e.*, CEC's disavowal of the guarantee and refusal to remit the payment CEC owed to the Noteholders when it became due upon CEOC's bankruptcy filing.

The Good Faith Claims, however, center around a broader scheme devised and implemented by CEC to prevent the Noteholders from receiving the payments to which they are entitled and add a further element of bad faith actions perpetrated by CEC that are not implicated by Plaintiffs' Contract Claims. This scheme combined a purported stripping of CEC's guarantee with an orchestrated effort to prevent the Noteholders from recovering from CEOC directly. In the Good Faith Claims, Plaintiffs contend that through a series of carefully crafted maneuvers, CEC prevented the Noteholders from recovering against CEOC by systematically stripping valuable assets from CEOC, leaving CEOC with over $18 billion in debt, and eventually pushing CEOC into bankruptcy. CEC simultaneously engineered several pretexts to purportedly eliminate its own unconditional guarantee of CEOC's obligations, which together with the asset stripping, protected CEC and its equity holders at the expense of CEOC's creditors.

Accordingly, the Good Faith Claims are based on CEC misconduct that is distinct from, and in addition to, CEC's unlawful disclaimers of its guarantee under the Indentures and failure to pay the amounts due and owing under its guarantee. *See, e.g., Butvin v. DoubleClick, Inc.*, No. 99 Civ. 4727, 2001 WL 228121, at *8 (S.D.N.Y. Mar. 7, 2001) ("New York courts have recognized a separate cause of action for breach of the covenant of good faith and fair dealing, however, in cases involving efforts by one party to a contract to subvert the contract itself."). CEC created an overall situation to deny the Noteholders benefits to which they are contractually entitled under the Indentures as a whole or the parent guarantee independently.

Equally unavailing is CEC's contention that through the Good Faith Claims, Plaintiffs are creating duties that negate the explicit rights under the contract or are creating independent

obligations beyond the contract. CEC argues that through the Good Faith Claims, Plaintiffs are invoking a non-existent contractual prohibition under the Indentures against CEC "disclaiming" the guarantee. Plaintiffs' Good Faith Claims, however, do not merely contend that CEC is prohibited from "disclaiming" the guarantee (although such a disclaimer is in fact an event of default under Section 6.01(h)). Rather, the core thrust of those claims is that CEC attempted to create a prohibited overall situation where it purposefully restructured CEOC to prevent Plaintiffs from recovering *and* simultaneously tried to remove the safety net of CEC's guarantee.

Furthermore, CEC claims that the release of its guarantee equally underlies Plaintiffs' Contract Claims and Good Faith Claims. This is a mischaracterization of Plaintiffs' claims. The release of CEC's guarantee does not underlie *Plaintiffs'* Contract Claim; rather, it underlies *CEC's* purported affirmative defense to that claim. The elements for establishing a breach of contract by CEC do not require Plaintiffs to show failure to release CEC's guarantee; instead, it is CEC's alleged affirmative defense that a contractually permissible release of the guarantee preceded the breach.

Lastly, the Intentional Interference Claim should be upheld even though CEC is a party to the contract, in addition to the trustee and CEOC. "When a contract involves at least three parties, a claim for tortious interference can be maintained against a tortfeasor who is a party to the contract." *Rosecliff, Inc. v. C3, Inc.*, No. 94 CIV. 9104 (JFK), 1995 WL 276156, at *3 (S.D.N.Y. May 10, 1995). *See also Aljassim v. S.S. South Star,* 323 F. Supp. 918, 925-26 (S.D.N.Y. 1971) ("Public policy requires that the rights of two contracting parties be protected from tortious interference--exactly that which we find occurred here; the fact that one may derive rights under the same agreement as two other contracting parties does not excuse tortious interference with their contractual rights."). Here, at least three parties are involved in the contract: the Trustee, CEOC as primary obligor, and CEC as guarantor. BOKF's Intentional Interference Claim, however, is not against CEC in its capacity as guarantor. Rather, BOKF is asserting a direct claim against CEC based on CEC's interference with *CEOC's* performance of *CEOC's obligations* under the Indentures. The Intentional Interference Claim is therefore entirely distinct from the Contract Claim and Good Faith Claims, involves a breach of the Indentures by CEOC rather than CEC, and is subject to a host of genuine issues of material fact precluding summary judgment.

Plaintiffs respectfully request that the Court deny CEC's Request at this time to allow the Parties to focus their efforts on preparing for the March 14 trial.

**Arent Fox**

Respectfully submitted,

**ARENT FOX LLP**                                    **KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Andrew I. Silfen*                          By:      */s/ David A. Crichlow*
Andrew I. Silfen, Esq. (AS-1264)                    Craig A. Barbarosh, Esq.
Michael S. Cryan, Esq. (MC-4887)                    David A. Crichlow, Esq.
Mark A. Angelov, Esq. (MA-5291)                     Karen B. Dine, Esq.
Beth M. Brownstein, Esq. (BB-5150)                  Rebecca Kinburn, Esq.
1675 Broadway                                       575 Madison Avenue
New York, NY 10019                                  New York, New York 10022-2585
                                                    *Attorneys for Plaintiff UMB Bank N.A*

Ralph A. Taylor, Jr., Esq. (*pro hac vice*)
Jackson D. Toof, Esq. (*pro hac vice*)
Martin F. Cunniff, Esq. (*pro hac vice*)
1717 K Street, NW
Washington, DC 20006
*Attorneys for Plaintiff BOKF, N.A.*

cc:      All Counsel of Record (*via ECF*)